1  Enya Lin
   8203 W. Oraibi Drive, Apt. 2085
2  Peoria, AZ 85382
   Yaping47@gmail.com
3  Telephone: 851-722-5255
4  *Plaintiff in Pro Per*

FILED* US Bankruptcy Court-UT
MAR 8 2021 PM12:09
TD6

5

6          IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF UTAH
7                     CENTRAL DIVISION

8  **In Re:**                              Bankruptcy Case No. 19-22473

9  Danny Zuriel Pacheco and Kellyann F.        (Chapter 7)
10 Pacheco,
                                         Adversary Proceeding No. 19-2076
11                          Debtors.
                                            Judge Joel T. Marker
12

13 Yaping Lin, aka Enya Lin,              **PLAINTIFF'S RESPONSE TO**
                                         **MOTION TO DISMISS PLAINTIFF'S**
14                          Plaintiff,    **ADVERSARY COMPLAINT**
   vs.
15
16 Danny Zuriel Pacheco,                 Hearing Date:   March 25, 2021
                                         Time:           10:00 A.M.
17                          Defendant.

18      Plaintiff, Yaping Lin, also known as Enya Lin, submits Plaintiff's Response to

19 Defendant's Motion to Dismiss Plaintiff's Adversary Complaint as follows:

20 **I.      RESPONSE TO MOTION TO DISMISS**

21      Defendant Danny Zuriel Pacheco has brought a Motion to Dismiss Plaintiff's

22 Adversary Complaint ("Motion to Dismiss"), not based on any factual allegations related

23 to the loans and events at issue, but rather on the contention Plaintiff has not met certain

24 of the duties required of her related to deadlines and procedural orders. As discussed

25 below, Defendant's Motion to Dismiss misrepresents certain of these events and

26 exaggerates others.

27

28

                                    1

1.   I am Enya Lin. I am the Plaintiff. I now represent myself. I was previously represented by counsel. My most recent counsel, John Keiter, withdrew in late January 2021.

2.   I understand even though I am not an attorney, I will be held to the same standards as if I was an attorney and I am responsible to meet procedural deadlines and fulfill obligations required of me as Plaintiff. I believe I have done so to the best of my abilities so far.

3.   The Motion to Dismiss indicates I have terminated prior counsels. That I have done so, and the reasons for this, are not of Defendant's concern. That I am representing myself should in no way reflect on the merits of my case or result in dismissal if I make a few missteps along the way.

4.   I was born in Taiwan. I moved to the United States approximately six years ago. I speak English to some extent, but my natural language is Mandarin Chinese. I do not consider myself fluent in English but I try. I am able to hold a conversation in English but not one which involves technical language, including legal terminology. I can read and write English to some extent. I needed help in drafting this Response. At trial I would seek to testify through a Mandarin Chinese interpreter. I have not been "misleading, untruthful, and dishonest" in my representations to the court as to my ability to speak English.

5.   I have not engaged in any improper ex parte communications with the court. I have contacted the Judge's assistant, not the Judge, to discuss procedural matters such as the filing of the Pretrial Order at a time when I did not believe Defendant's counsel was cooperating. I never spoke with the Judge. I never asked to.

6.   The Motion to Dismiss misrepresents the circumstances related to the preparation and filing of the Pretrial Order. The court's Amended Order Governing Scheduling and Preliminary Matters, issued July 23, 2020, called for us to submit a Pretrial Order by February 17, 2021. Defendant's Motion to Dismiss fails to acknowledge

1   a draft of this Pretrial Order was provided by my former counsel, John Keiter, to

2   Defendant's counsel on January 20, 2021, approximately one month before the deadline.

3   Attached hereto as Exhibit 1 is Mr. Keiter's email to Defendant's attorney, Mr. Trease,

4   with the draft of the Pretrial Order.

5       7.    This Pretrial Order was not complete but did include significant

6   information. I understood Mr. Trease was to review it and to respond to me directly with

7   contributions he wanted to make and changes he wanted to suggest.

8       8.    But I did not hear from Mr. Trease. And the February 17th deadline

9   approached. So, I added to the Pretrial Order and forwarded a copy to him on

10  February 14, 2021, along with the exhibits I identified. I added sections for Proposed

11  Stipulations, Witnesses, and Trial Exhibits. The exhibits I listed and provided had, to my

12  understanding, been previously provided by my prior counsel to Defendant's counsel.

13      9.    Attorney Trease took exception to this document. He indicated he did not

14  have time to review it. He sent me an email objecting to it. We also had conversations in

15  which I asked if he would agree to submit a motion to the court to extend the deadline for

16  this Pretrial Order. In the Motion to Dismiss, Mr. Trease indicates he agreed to the

17  extension but wanted me to prepare the motion to extend the deadline. That is not what I

18  understood him to have told me and perhaps this is a result of my language issue. I

19  thought Mr. Trease turned down my suggestion of an extension to submit the Pretrial

20  Order.

21      10.   I then contacted court personnel about my filing of the Pretrial Order to

22  meet the February 17, 2021, deadline. I overnight mailed it to the court. It is filed at

23  Docket 38.

24      11.   I thereafter made changes to the filed Pretrial Order and provided it to Mr.

25  Trease on February 24, 2021. My email to Mr. Trease on that date is Exhibit 2. I included

26  suggestions as to how we could include his contributions. The Revised Pretrial Order

27  draft is Exhibit 3.

28

12. Mr. Trease has never responded with productive comments, contributions, or suggested changes to the initial draft provided to him on January 20, 2021, to the subsequent draft I provided on February 14, 2021, or the third draft I provided on February 24, 2021.

13. Mr. Trease indicates the court directed he and I to meet face to face to discuss the Pretrial Order and other issues. My prior counsel informed me an actual in person face to face meeting was not necessary, particularly since I reside in Phoenix, Arizona. He indicated the conference could be by telephone.

14. Mr. Trease indicates I failed to redact personal identifying information and other details from certain documents. I do not know to what documents he refers. If he can identify for me those documents and what should be redacted, I will do so.

15. Mr. Trease makes comments regarding discovery which are not accurate. He indicates my responses to written discovery were "woefully inadequate." Last summer Plaintiff served written discovery which included 48 separate Interrogatories, many with subparts, 36 Requests for Documents, and 71 Requests for Admissions. My attorney and I responded on September 15, 2020. Our Response was 71 pages long.

16. Defendant's counsel also contends I "willfully and intentionally failed to appear" at my deposition to be held October 6 & 7, 2020. My deposition was scheduled to take place on those dates. I was represented by counsel at that time. There was an issue of whether I needed to come to Utah or whether the deposition could be done by videoconference. I understood Defendant's counsel wanted me to travel to Utah. I was willing to do so, but I was informed by my counsel prior to October 6 the deposition had been called off.

17. A mediation was scheduled and conducted in this case. Both parties participated but no settlement was reached.

18. I was not aware I needed to file a separate Notice of Appearance after my attorney withdrew. I understand now I am to do so and have made arrangements to file

1  my Notice of Appearance. Attorney Trease has always known my address. Defendant's

2  Motion to Dismiss was served by mail to me at my residential address in Peoria, Arizona,

3  as reflected in his Certificate of Service.

4       19.    I do not understand attorney Trease's contention I admitted objectionable

5  documents into evidence. No evidentiary hearing has been held. No evidence has been

6  submitted to the court. I only identified potential trial exhibits in the Pretrial Order and

7  provided copies.

8       20.    I ask the Motion to Dismiss be denied. Defendant's counsel is trying to take

9  advantage of my efforts to represent myself. I understand that is his job, but the Motion to

10  Dismiss distorts what has actually taken place. I believe if Mr. Trease would work with

11  me and provide his contributions and comments to the Pretrial Order, I am sure we can

12  finalize the document.

14       DATED this _5_ day of March, 2021.

16       By:_Enya Lin_

17       Enya Lin
         8203 W. Oraibi Drive, Apt. 2085
18       Peoria, AZ  85382
         Yaping47@gmail.com

21  Copy emailed and mailed this
    _5_ day of March, 2021, to:

23  Jory L. Trease
    c/o Jory@jltlawut.com

24
25  United States Trustee
    USTPRegion19.SK.ECF@usdoj.gov

27  By: _Enya Lin_
28       Enya Lin

# Exhibit 1

---------- Forwarded message ---------
From: **John Keiter** <john@durbanolawfirm.com>
Date: Wed, Jan 20, 2021 at 11:00 AM
Subject: Lin v. Pacheco
To: Jory Trease <jory@jltlawut.com>
Cc: Allen Lin林昱宏 <allen.yhlin@gmail.com>


Jory:

I've been instructed by my client to withdraw from the case as it appears the cost of this litigation has become overbearing for Mr. and Mrs. Lin. Mrs. Lin has elected to proceed pro se. I am currently drafting an email advising my clients of the approaching deadlines and will be providing them with my complete file. Unfortunately this means that you will need to reschedule tomorrow's conference with Ms. Lin directly. Her phone number is 801-722-5255. I began drafting the proposed Pretrial Order which I am attaching to this email for your reference. It is incomplete, but it may still be useful as you transition to working directly with Ms. Lin.


**John E. Keiter | Attorney**


476 West Heritage Park Blvd., Ste. 105

Layton, Utah 84041

Phone:  801-776-4111

Fax:    801-776-1121

www.durbanolawfirm.com

This e-mail message may contain confidential or legally privileged information and is protected by the Electronic Communications Privacy Act. This e-mail is intended only for the use of the intended recipient(s). If you have received this communication in error, please notify the sender immediately and destroy the communication at once. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. E-mails are not secure and cannot be guaranteed to be error free as they can be intercepted, amended, or contain viruses. Anyone who communicates with us by e-mail is deemed to have accepted these risks. Durbano Law Firm, P.C. is not responsible for errors or omissions in this message and denies any responsibility for any damage arising from the use of e-mail. Any opinion and other statement contained in this message and any attachment(s) are solely those of the author and do not necessarily represent those of the company.

DOUGLAS M. DURBANO (#4209)
JOHN E. KEITER (#16487)
**DURBANO LAW FIRM, P.C.**
476 West Heritage Park Blvd., Ste. 105
Layton, Utah 84041
Telephone: (801) 776-4111
Facsimile:  (801) 776-1121
office@durbanolawfirm.com
john@durbanolawfirm.com

*Attorneys for Plaintiff*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>Danny Zuriel Pacheco and<br>Kellyann F. Pacheco,<br><br>       Debtors. | Bankruptcy Case No. 19-22473<br><br>(Chapter 7)<br><br>Adversary Proceeding No. 19-2076<br><br>Judge Joel T. Marker |
| Yaping Lin, aka Enya Lin,<br><br>       Plaintiff,<br><br>  vs.<br><br>Danny Zuriel Pacheco,<br><br>       Defendant. | |
| **PRETRIAL ORDER** | |

1

This matter having come before the court on February 18, 2021, at a pretrial conference held before the Honorable Judge Joel T. Marker pursuant to Fed. R. Bankr. P. 7016; and John E. Keiter having appeared as counsel for plaintiff and Jory L. Trease having appeared as counsel for defendant, the following action was taken:

1.      **JURISDICTION.** The jurisdiction of the court is properly invoked under 28 U.S.C. § 1334. The Parties consent to entry of a final judgment or order by the bankruptcy judge. The jurisdiction of the court is not disputed and is hereby determined to be present.

2.      **VENUE.** Venue is laid in the Central Division of the District of Utah.

3.      **GENERAL NATURE OF THE CLAIMS OF THE PARTIES.**

    a.  **Plaintiff's claims:**

        Plaintiff seeks non-dischargeability of a debt owed to her by Defendant pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4), which arose under two Joint Venture Agreements entered into between Plaintiff and 4020 Colter LLC and 1304 Dixie LLC, each of which Defendant was the owner and manager.

    b.  **Defendant's claims:**

        None.

4.      **UNCONTROVERTED FACTS.** The following facts are established by admissions in the pleadings or by stipulation of counsel.

- On July 6, 2020, Danny Pacheco posted on a Facebook group forum requesting a $100,000 loan to close on a real estate deal associated with his company(ies).
- Plaintiffs spouse, Allen (Yuhong) Lin, responded to the Facebook post explaining that he would like to discuss the loan.
- Defendant informed Mr. Lin that he was seeking a $100,000 loan to assist in the purchase of a property located at 4020 E Colter St. in Chandler, Arizona
- Defendant also informed Mr. Lin that he was looking for an $85,000 loan to assist in the purchase of another property located at 1304 Dixie Trail in Raleigh, North Carolina.

- To assist the Lins in their investment decision, Danny provided two "Investor Packages" describing the rehabilitation project for the respective homes.
- Plaintiff entered into two (2) Real Estate Joint Venture Agreements with Defendants' businesses, 4020 Colter, LLC and 1034 Dixie, LLC. The Joint Venture Agreements outlined the relative duties of the parties.
- A Promissory Note was entered into between Plaintiff and 4020 Colter, LLC in conjunction with the $100,000 loan issued to it wherein 4020 Colter, LLC agreed to repay the principal balance plus 15% no later than October 13, 2017.
- A Promissory Note was entered into between Plaintiff and 1034 Dixie, LLC in conjunction with the $85,000 loan issued to it wherein 1034 Dixie, LLC agreed to repay the principal balance plus 15% no later than October 27, 2017.
- A Personal Guaranty was signed between Defendant and Mr. Lin guaranteeing the sum of $100,000.
- On July 10, 2017, Plaintiff wired $100,000 to Driggs Title Agency for the purchase of the Chandler Property.
- On July 25, 2017, Plaintiff wired $85,000 to AW Morris Law for the purchase of the Raleigh Property.
- On or about December 26, 2017, Defendant caused $35,000 to be paid to Plaintiff.
- Defendants' businesses breached the loan agreements by failing to repay the loans pursuant to the respective notes.
- The subject homes were foreclosed upon by the priority lienholders and no funds were paid to Plaintiff from the sale of those homes.

5.    **CONTESTED ISSUES OF FACT.** The contested issues of fact remaining for decision are:

- Defendant, through his respective businesses, misrepresented the scope, duration, and cost of the rehabilitation, as well as his intent to repay the loans under the respective promissory notes.
- Defendant breached his fiduciary duties under the joint venture agreements by failing to perform his duties thereunder and by taking an in-kind salary.

6.

DATED: February 18, 2021.

DURBANO LAW FIRM, P.C.

/s/    *John E. Keiter*
Douglas M. Durbano
John E. Keiter
*Attorneys for Plaintiff*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18, 2021, a true and correct copy of the foregoing **CERTIFICATE OF SERVICE** was served as follows:

**By Electronic Mail [CM/ECF Service] Notice:**

- Jory L. Trease caseinfo.jtbankruptcy@gmail.com; jorytrease@msn.com; janci.jtbankruptcy@gmail.com; myecfemail.jtbankruptcy@gmail.com; r47629@notify.bestcase.com
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail:**

- None.

*/s/ John E. Keiter*

4

# Exhibit 2

---------- Forwarded message ---------
From: **Enya Lin** <vaping47@gmail.com>
Date: Tue, Feb 23, 2021 at 2:25 PM
Subject: Settlement & Pretrial Order
To: Jory Trease <jory@jltlawut.com>

Dear Mr.Trease:

Please be informed I reject the settlement offer you included in your February 19 email.

You are well aware I am no longer represented by counsel. I am not an attorney and I am doing my best to meet the steps required of me. I fell you, instead of working with me, are attempting to take advantage of the situation unfairly and unprofessionally. Mr. John Kelter told us you agreed that there is no necessary to meet in person. Traveling to Utah from my home in Arizona is not practical in this time of Covid-19. Especially, my twin boys are so young and they need to be with me all the time. It's too risky to travel with them. We can certainly work together to complete the document from our respective states via the phone and emails.

My prior counsel did timely provide a draft of the Pretrial Order to you. It was emailed to you by Mr. John Kelter on January 20. To my knowledge you never responded in anyway. Even to date you have not provided the content you want added to the document.

In fact, your email of early last week suggests you never even reviewed what had been provided to you last month.

I added to the draft previously provided to include sections for Stipulations, Witnesses, and Exhibits. I proposed we ask more time from the court to complete the Pretrial Order since our hearing is not until March 25. You told me you did not have time to put together a stipulation or motion to ask for the extension. You well know I do not have the means to prepare and electronically submit such a pleading to the court. Therefore, I filed the draft I had to meet the court's deadline.

I am certainly open to revising the Pretrial Order from the one I filed last week. Let me suggest the following:

If there is anything in the Section 4, Uncontroverted Facts, with which you disagree, please identify them by number. I will move those paragraphs to Plaintiff's portion of Section 5.

Please add defendant's proposed fact contributions to defendant's portion of section 5., Contested Issues of Fact. To anything included by you with which I agree, I will move to Section 4.

1

I am also revising my portion of Section 5 and will have that to you tomorrow.

If you disagree with any item I include in Section 6, Stipulations, please identify them by number and I will also move them to Plaintiff's portion of Section 5.

And let me know what witnesses you want to list in section 7 and exhibits you may submit in section 8. I believe you have all of the exhibits I identify in Section 8. If you do not recognize any, please identify them and I will email to you a copy."

Hope you have a good day!

Enya Lin

# Exhibit 3

Yaping Lin aka Enya Lin

Telephone: (801) 722-5255
*Yaping47@gmail.com*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>Danny Zuriel Pacheco and<br>Kellyann F. Pacheco,<br><br>          Debtors. | Bankruptcy Case No. 19-22473<br><br>(Chapter 7)<br><br>Adversary Proceeding No. 19-2076<br><br>Judge Joel T. Marker |
| Yaping Lin, aka Enya Lin,<br><br>          Plaintiff,<br><br>   vs.<br><br>Danny Zuriel Pacheco,<br><br>          Defendant. | |
| **PRETRIAL ORDER** | |

1

This matter having come before the court on February 18, 2021, at a pretrial conference held before the Honorable Judge Joel T. Marker pursuant to Fed. R. Bankr. P. 7016; and Enya Lin appeared as plaintiff and Jory L. Trease having appeared as counsel for defendant, the following action was taken:

1. **JURISDICTION.** The jurisdiction of the court is properly invoked under 28 U.S.C. § 1334. The Parties consent to entry of a final judgment or order by the bankruptcy judge. The jurisdiction of the court is not disputed and is hereby determined to be present.

2. **VENUE.** Venue is laid in the Central Division of the District of Utah.

3. **GENERAL NATURE OF THE CLAIMS OF THE PARTIES.**

   a. **Plaintiff's claims:**

   Plaintiff seeks non-dischargeability of a debt owed to her by Defendant pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4), which arose under two Joint Venture Agreements entered into between Plaintiff and 4020 Colter LLC and 1304 Dixie LLC, each of which Defendant was the owner and manager.

   b. **Defendant's claims:**

   None.

4. **UNCONTROVERTED FACTS.** The following facts are established by admissions in the pleadings or by stipulation of counsel.

- On July 6, 2017, Danny Pacheco posted on a Facebook group forum requesting a $100,000 loan to close on a real estate deal associated with his company(ies).
- Plaintiffs spouse, Allen (Yuhung) Lin, responded to the Facebook post explaining that he would like to discuss the loan.
- Defendant informed Mr. Lin that he was seeking a $100,000 loan to assist in the purchase of a property located at 4020 E Colter St. in Chandler, Arizona
- Defendant also informed Mr. Lin that he was looking for an $85,000 loan to assist in the purchase of another property located at 1304 Dixie Trail in Raleigh, North Carolina.
- To assist the Lins in their investment decision, Danny provided two "Investor Packages" describing the rehabilitation project for the respective homes.

2

- Plaintiff entered into two (2) Real Estate Joint Venture Agreements with Defendants' businesses, 4020 Colter, LLC and 1034 Dixie, LLC. The Joint Venture Agreements outlined the relative duties of the parties.
- A Promissory Note was entered into between Plaintiff and 4020 Colter, LLC in conjunction with the $100,000 loan issued to it wherein 4020 Colter, LLC agreed to repay the principal balance plus 15% no later than October 13, 2017.
- A Promissory Note was entered into between Plaintiff and 1034 Dixie, LLC in conjunction with the $85,000 loan issued to it wherein 1034 Dixie, LLC agreed to repay the principal balance plus 15% no later than October 27, 2017.
- A Personal Guaranty was signed between Defendant and Mr. Lin guaranteeing the sum of $100,000.
- On July 10, 2017, Plaintiff wired $100,000 to Driggs Title Agency for the purchase of the Chandler Property.
- On July 25, 2017, Plaintiff wired $85,000 to AW Morris Law for the purchase of the Raleigh Property.
- On or about December 26, 2017, Defendant caused $35,000 to be paid to Plaintiff.
- Defendants' businesses breached the loan agreements by failing to repay the loans pursuant to the respective notes stated 3 months after in 2017.
- On October 9th 2018, Enya Lin acquired a default judgement against 4020 Colter LLC for recovering the amount of $76,000 together with interest accrued.
- On December 11th 2018, Enya Lin and his husband Allen Yuhung Lin acquired default judgement in the county of Maricopa and superior court of the state of Arizona against Daniel Pacheco in the same amount of $76,000 with interest accrued.
- These two subject homes were foreclosed upon by the priority lienholders and no funds were paid to Plaintiff from the sale of those homes.

## 5.    CONTESTED ISSUES OF FACT.

The contested issues of fact remaining for decision are:

- Defendant, through his respective businesses, misrepresented the scope, duration, and cost of the rehabilitation, as well as his intent to repay the loans under the respective promissory notes.
- Defendant breached his fiduciary duties under the joint venture agreements by failing to perform his duties thereunder and by taking an in-kind salary.
- The Joint Venture Agreements stated that plaintiff's loans to be secured by deeds of trust. Defendant, however, failed to record the deeds of trust.
- The Joint Venture Agreements called for plaintiff's consent before additional debt was incurred and which was to be secured by the parcels of real property. Defendant obtained additional loans secured by the parcels which he did not disclose to plaintiff and of which plaintiff did not consent;
- The Joint Venture Agreement for the Arizona property indicated defendant would not obtain additional financing even with Plaintiff's consent in excess of $99,450 as to the first position lender and $15,000 for the second position lender;

3

- The Joint Venture Agreement for the North Carolina property indicated defendant would not obtain additional financing even with plaintiff's consent in excess of $32,943 as to the first position lender and $12,750 as to the second position lender;
- Defendant refinanced both properties without plaintiff's knowledge or consent and in amounts far in excess of the limits set forth in items 3 and 4 above;
- Plaintiff is owed the principal amount of $85,000 pursuant to the loan made for the North Carolina property plus interest;
- Plaintiff is owed the principal amount of $61,000 pursuant to the loan made for the Arizona property;
- The amounts owed by defendant to plaintiff are nondischargeable pursuant to Section 523 (2)(2)(A) oar 523 (a)(4).

## 6.   STIPULATIONS.

- Danny Pacheco and his company Flip2Freedom Investment Inc. provided Enya Lin the Joint Venture Agreement of two properties in Arizona and North Carolina. Under the consensus, Danny should provide financial statement and transaction records for the expensesof these two house rehab to Enya Lin periodically. Also, the agreement prohibit new investors' involved with 4020 E Colter St and 1304 Dixie Trail, unless with a written consent from Enya Lin.
- For 1304 Dixie Trail Raleigh NC, Page 7 of the 1st set of Discovery requests answer from JLT Law, there was a 2nd investor/ Blue Mountain Assets LLC. Enya Lin never aware it from Danny Pacheco.
- In the scope of Subpoenas procedure, there are numerous transactions violated the contracts from Danny Pacheco and his companies' Wells Fargo, U.S. Bank and other Bank Organizations such as UCCU, for the usage of personal purposes such as Movie Entertainment, Walmart groceries shopping and cash withdraw activites.
- Danny Pacheco and his 414 Washington LLC sold the property on 414 Washington St. Located in Aberdeen Maryland 21001 on June 3rd 2017. However, the Wells Fargo Bank account entitled 414 Washington LLC shown remain activities of transferred funds to Pacheco K Custom Management and received check from Karen A Foutz during August 2017 to January 2018.
- On October 4th 2017, Danny wrote to Allen Yuhung Lin stated that he received a loan from Chlhaci Mezut , a resident live in Sugar Land TX and will pay full loan amount back to Enya Lin. Such related emails had been sent to Allen Yuhung Lin during the 3 months term period in 2017.
- Danny Pacheco worked with Thomas A. Payton Architect PLC for the Architectural Design of 4020 E Colter St. Danny failed to pay the service in full with a lien shown on Danny Pacheco's Bankruptcy Form106, Business Debt of Titus Brueckner & Levine for the amount $42,491.50.
- Danny Pacheco received a contractor bid from Bob Jenkins of VetsBuilt Contracting LLC and intend to renovate 4020 E Colter St. with the total price of $430,050. However,

4

none of the work had been performed by Bob Jenkins and no bank account record shown business transaction to him in related to house rehab project.

- On November 7 2017, Danny Pacheco wrote an email to Allen Yuhung Lin. He explained in the email that he can get $140-170 k from Stewart Pope and $70-100k from Karen Foutz for Enya's loan payment.
- On Feb 28th 2018, Danny wrote an email to Richard Hundley, Enta Lin's representing attorney in AZ, stated he was still willing to pay the loan of 4020 E Colter investment.
- On October 8th 2018 before 4020 E Colter St. gone foreclosure, Allen Yuhung Lin went to the property and found out there was never rehab activities performed.

## 7.    WITNESS.

- Thomas A. Payton Thomas A. Payton Architect PLC
- Bob Jenkins Manager Partner VetsBuilt Contracting LLC
- Stewart Pope
- Karen Foutz
- Allen Yuhung Lin

## 8.    Exhibits

- Ex. 1- Danny Pacheco posts on Facebook
- Ex. 2 - 4020 E Colter St. AZ Investment Package
- Ex. 3 - 1304 Dixie Trl. NC Investment Package
- Ex. 4 - JV agreement 4020 E Colter AZ
- Ex. 5 - JV Agreement NC 1304 Dixie Trl
- Ex. 6 - Deed of Trust  4020 E Colter AZ
- Ex. 7 - Deed Of Trust 1034 Dixie Raleigh Dr NC
- Ex. 8 - Promissory Notes of 2 properties
- Ex. 9 - Personal Guarantee 100k from Danny Pacheco
- Ex. 10 - Danny Pacheco Email communications
- Ex. 11- Danny Pacheco email to Richard 2018
- Ex. 12- 4020 E Colter 2018 10-09 Judgement Maricopa AZ court
- Ex. 13- 4020 E Colter Deed to Sound Capital
- Ex. 14-Phoenix Contractor's Bid 4020 Colter VetsBuilt
- Ex. 15-Vetsbuilt - Subpoena Response
- Ex. 16-Thomas Payton 4020 E Colter Architect
- Ex. 17- Danny Pacheco bankruptcy Form 106
- Ex. 18- 4020 Colter payment to AZ Instant Funding
- Ex. 19- 4020 Colter Trustee Sale
- Ex. 20- Allen Lin Visit to 4020 Oct 2018

- Ex. 21-Danny Pacheco Interrogation 2020
- Ex. 22-Danny Pacheco Deposition Sep 2020
- Ex. 23-Danny Pacheco 414 Washington Bank account activities
- Ex. 24-1304 Dixie Trail First Rehab Lending
- Ex. 25-1304 Dixie Trail Final Settlement
- Ex. 26-Danny Email loan from Chlhaci
- Ex. 27-Utah Community Credit Union
- Ex.28-Bank Subpoenas_233 Bynun LLC_Account_Last_Four_Numbers_5829
- Ex.29-Bank Subpoenas_414 Washington LLC_Account_Last_Four_Numbers_5811
- Ex.30-Bank Subpoenas_Danny Z Pacheco_Account_Last_Four_Numbers_2640
- Ex.31-Bank Subpoenas_Danny Pacheco_Account_Last_Four_Numbers_9084
- Ex.32-Bank Subpoenas_Flip2freedom Investments INC_Account_Last_Four_Numbers_5803
- Ex.33-Bank Subpoenas_Kellyann F Pacheco_Last_Four_Numbers_7522
- Ex.34-Checks

DATED: February 24, 2021.

_____ *Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2021, a true and correct copy of the foregoing **CERTIFICATE OF SERVICE** was served as follows:

**By Electronic Mail [CM/ECF Service] Notice:**

- Jory L. Trease caseinfo.jtbankruptcy@gmail.com; jorytrease@msn.com; janci.jtbankruptcy@gmail.com; myecfemail.jtbankruptcy@gmail.com; r47629@notify.bestcase.com
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail:**

_____